IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY CUTLER,

    Plaintiff,

v.

ALAN SCHNITZER, et al,

    Defendants.

CIVIL ACTION
NO. 17-5025

## MEMORANDUM OPINION

**Schmehl, J. /s/ JLS**                                                                 October 4, 2018

**I.**     **INTRODUCTION**

Plaintiff, Jeffrey Cutler, brings this *pro se* action against eleven defendants, including various individuals from East Lampeter Township, Lancaster County, Conestoga Valley School District, several private companies and law firms and an employee of the Pennsylvania Insurance Department. Plaintiff's "Complaint" is actually a 94-page document titled "Fraud on the Court and Motion for Summary Judgment," and is actually nothing more than documents from multiple prior cases that Plaintiff has been involved in. (Docket No. 1, Attachment # 1). The rambling allegations in this "Complaint" range from claims of religious bias to FBI surveillance to murder. All Defendants have moved to dismiss Plaintiff's Complaint for, *inter alia*, failure to properly effectuate service. For the reasons that follow, I will grant Defendants' Motions to Dismiss.

## II. BACKGROUND AND STATEMENT OF FACTS

Plaintiff, Jeffrey Cutler, initiated this action in the United Stated District Court for the Middle District of Pennsylvania by way of a "Complaint" against all defendants on September 26, 2017. *See* M.D.Pa. Docket. On that same day, September 26, 2017, a Summons was issued and provided to Plaintiff only via U.S. Mail so he could effectuate service on Defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. Additionally, a Pro Se Letter with Notice & Consent Form and a Standing Practice Order was issued by the Court and sent to Plaintiff. Included with this material was the Proof of Service form that is required to filed by the person serving the Summons and Complaint on Defendants unless a waiver of service is obtained from Defendants. *See* Proof of Service form.

It is difficult to determine from Plaintiff's Complaint what his case is actually about, but it appears that his grievances stem from his duties as tax collector for East Lampeter Township. From the public court dockets contained in his filings, it appears that public officials acting on behalf of Lancaster County and East Lampeter Township determined that Cutler had failed to collect the legally required amounts of real estate taxes from landowners, and instituted legal proceedings against him. The Lancaster County Court of Common Pleas entered judgments against Cutler on January 26, 2017, for $15,897.19 in favor of East Lampeter Township and on February 15, 2017, for $40,411.64 in favor of Lancaster County, representing the amount of uncollected taxes. The Travelers Casualty and Surety Company of America had issued the surety bond to guarantee Cutler's performance of his duties as tax collector. The state court records demonstrate that Travelers paid the judgments against Cutler in full.

On September 27, 2017, the Honorable Sylvia H. Rambo issued an Order dismissing Plaintiff's Complaint with prejudice finding that it "did not comply with [Federal] Rule [of Civil Procedure] 8 in any aspect and is not a proper pleading. The filing does not set forth a cause of action, how each of the eleven Defendants are involved, and provides no basis for jurisdiction." The Court further noted that even if proper, Plaintiff had improperly filed the matter in the Middle District of Pennsylvania and not the Eastern District of Pennsylvania, where the events at issue took place in Lancaster, Pennsylvania. *See* Order dated Sept. 27, 2017. On October 27, 2017, Plaintiff filed a Motion for Reconsideration and on November 6, 2017, Judge Rambo issued an Order granting Plaintiff's Motion for Reconsideration and transferring the matter to the Eastern District of Pennsylvania. *See* Order dated Nov. 6, 2017.

On May 2, 2018, this Court issued a Notice to Plaintiff that service of the Complaint had not been made on the Defendants and that service must be made by June 4, 2018, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. *See* Docket No. 2. On May 22, 2018, Plaintiff filed an Affidavit of Service. *See* Docket No. 3. The Affidavit of Service was completed by Plaintiff himself rather than the person who allegedly served the Complaint on the Defendants, did not contain the date that service was effectuated, and did not indicate the means of service as required by Rule 4. *See id.* Nonetheless, on June 4, 2018, Plaintiff filed a Motion for Default Judgment, asserting that a default should be entered as Defendants had failed to respond to Plaintiff's Complaint in a timely fashion. Included with the Motion for Default Judgment was an Affidavit in Support of Motion for Default Judgment, in which Plaintiff stated as follows:

3

I have certified on May 22, 2018 that the complaint was served on all defendant has responded as of this date even though the federal docket has stated that all summons were mailed on September 26, 2017.

### III. <u>LEGAL STANDARD</u>

Rule 12 of the Federal Rules of Civil Procedure provides for the pleading of defenses and objections. More specifically, Rule 12(b)(5) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion….(5) insufficient service of process…A motion asserting any of these defense must be made before pleading if a responsive pleading is allowed." F.R.C.P. 12(b)(5).

### IV. <u>DISCUSSION</u>

#### A. **Service of Process**

First, all defendants argue that this action should be dismissed against them because Plaintiff has failed to properly serve them. Rule 4 of the Federal Rules of Civil Procedure governs the issuance of a summons and the service of said summons. Pursuant to Rule 4, service of an individual within a judicial district of the United States can be effectuated by:

(1) following the state law for serving a summons in an action brought in court of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

4

F.R.C.P. 4(e).

The Commonwealth of Pennsylvania's rules of service under Pennsylvania Rule of Civil Procedure 402 states:

> (a) Original process may be served
>
> (1) by handing a copy to the defendant; or
>
> (2) by handing a copy
>     (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>     (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>     (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charger thereof.

Pa. R.C.P. 402. Rule 4(c)(1) places the responsibility for service of the summons and complaint upon the plaintiff. *See* F.R.C.P. 4(c)(1). Rule 4(c)(2) states that service of the summons and complaint can be made by "[a]ny person who is at least 18 years old and not a party". F.R.C.P. 4(c)(2). To prove that service was effectuated, Rule 4(l) requires an Affidavit to be filed with the Court, with the Rule further requiring that the "proof must be by the server's affidavit." F.R.C.P. 4(l)(1).

The Affidavit that was filed by Plaintiff stated the following:

> I Jeffrey Cutler do hereby certify I have had a copy of the complaint served to each person named above or their representative by persons not related to the case over the age of 18 for person in the state of Pennsylvania and by certified priority mail for individuals outside the state of Pennsylvania. The office of Pennsylvania Attorney General was served the complaint for Mr. McVey of the Pennsylvania Insurance Department.

*See* Docket No. 3.

This Affidavit of Service clearly does not meet the requirements of Rule 4. It is filed by Plaintiff and not the person who allegedly served the Complaint on the Defendants. It does not specifically address whether a sheriff, marshal, or other designated person served Defendants with the Complaint or whether Plaintiff followed the Commonwealth of Pennsylvania's rules as to service. Furthermore, it is clear that Plaintiff himself cannot serve the Complaint and be in compliance with Rule 4, as it requires service by a person who is not a party.

Additionally, the Affidavit only states that the Complaint was served but is silent as to the serving of the Summons, thus potentially violating Rule 4(C)(1). The Affidavit also violates Rule 4 as it does not contain any of the information contained in the Proof of Service that Plaintiff received from the Court. It does not provide the name of the person who allegedly made service on Defendants; the means by which the summons and complaint were served - whether it be through personal service on the defendant, through a person designated by law to accept service, or by other accepted means; it does not designate the date that service was allegedly effectuated; and it does not list the address of the person who allegedly effectuated service. *See* Docket No. 3. The Affidavit of Service also fails to provide the required information as it applies to each separate Defendant. Accordingly, Plaintiff has failed to properly serve any of the defendants in this matter, and his Complaint should be dismissed.[1]

**B. Motion for Default Judgment**

Plaintiff's failure to effectuate proper service likewise requires that his motion for default judgment must be denied. First, the motion is not proper because it seeks entry of

---

[1] I note that Defendants Sam Janesh and Denise Cumins have not filed any response to Plaintiff's Complaint. However, as service of the Complaint and Summons in this matter was defective as to all defendants, including Janesh and Cumins, I will also dismiss Plaintiff's Complaint as to those defendants.

6

judgment without a default having first been entered by the Clerk, as required by Federal Rule of Civil Procedure 55(a). Additionally, as proper service is necessary for a court to acquire jurisdiction over a defendant, a motion for entry of default or default judgment should be denied when the plaintiff has failed to properly serve the summons and complaint. *Hedgespeth v. Hendricks*, 340 F. App'x 767, 770 (3d Cir. 2009) ("The District Court properly denied [the plaintiff's] Motion for Default Judgment as to defendant … because [he] failed to effect service of the complaint."). Here, neither the form of Plaintiff's process nor the manner of attempted service was proper under Rule 4. The Court therefore lacks jurisdiction over Defendants, and the motion for default judgment should be denied

## V. CONCLUSION

Clearly, Plaintiff has failed to properly serve process on the defendants in this matter, and his Complaint should therefore be dismissed. I am mindful of the fact that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In this matter, it would clearly be futile to allow Plaintiff to amend. As stated by the Judge Rambo when she reviewed his "Complaint," it "did not comply with [Federal] Rule [of Civil Procedure] 8 in any aspect and is not a proper pleading. The filing does not set forth a cause of action, how each of the eleven Defendants are involved, and provides no basis for jurisdiction." I

7

fully agree with Judge Rambo, and accordingly, I will dismiss the complaint with prejudice.