IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY CUTLER,

        Plaintiff,

v.

ALAN SCHNITZER, et al,

        Defendants.

CIVIL ACTION
NO. 17-5025

## ORDER

**AND NOW**, this 14th day of November, 2018, upon consideration of Plaintiff's "Motion for Reconsideration, Motion for Final Judgment, Motion to Combine Cases and Change of Venue" (Docket No. 45), as well as the response of Defendant Bair, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.[1]

BY THE COURT:

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

[1] On October 5, 2018, this Court entered an order granting Defendants' Motions to Dismiss in this matter due to Plaintiff's failure to properly serve any defendant and dismissing the case. On November 1, 2018, Plaintiff filed a "Motion for Reconsideration, Motion for Final Judgment, Motion to Combine Cases and Change of Venue." (*See* Docket No. 45.) Motions for reconsideration are granted in order to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). For the Court to reconsider a decision, Plaintiff would have to show (1) an intervening change in controlling law; (2) new evidence not available when the court entered its original order; or (3) that reconsideration was necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiff's sole basis for asking for reconsideration is his assertion that "the judge made a FALSE statement in his order of October 5, 2018 . . . which states ALL of the NAMED defendants moved to question service." (Docket No. 45, p. 2.) Plaintiff then correctly points out that two of the defendants did not actually file motions to dismiss. However, this is obviously not grounds for reconsideration, as I am permitted to take judicial notice of documents that are filed in cases assigned to me (*see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)), and as I explained in my opinion, the documents in this case make it clear that none of the defendants were properly served. Therefore, I do not need to wait for the other two defendants to file motions to dismiss before dismissing this case, when none of the defendants were

properly served. *See Coulter v. Unknown Prob. Officer*, 562 Fed. App'x 87, 89 n. 2 (3d Cir. 2014) (affirming District Court's *sua sponte* dismissal of non-moving defendant where grounds raised by moving defendants was common to all defendants and plaintiff had opportunity to respond to moving defendants' arguments).

As to the other issues contained in Plaintiff's Motion, they are also unpersuasive. First, Plaintiff cannot obtain a default judgment against a party in this matter that was never properly served. Secondly, Plaintiff is asking for joinder of two different cases, but presents no nexus in law or fact that would justify said joinder. Lastly, Plaintiff fails to provide any justification for his requested change of venue. Accordingly, Plaintiff's motion is denied.